UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VTT MANAGEMENT INC., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: CIV-17-767-M |
| ) | |
| FEDERAL INSURANCE COMPANY, ) | |
| ) | |
|    Defendant. ) | |

**DEFENDANT FEDERAL INSURANCE COMPANY'S ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    Defendant Federal Insurance Company files its Original Answer to Plaintiff's Complaint and would respectfully show the Court as follows:

1.    Federal Insurance Company is without knowledge or information sufficient as to the averments contained in paragraph 1 of the Complaint.

2.    Federal Insurance Company admits that it is an insurance company incorporated and domiciled in Indiana but denies all other averments in paragraph 2 of the Complaint.

3.    Federal Insurance Company admits the averments in paragraph 3 of the Complaint.

4.    Federal Insurance Company admits the averments in paragraph 4 of the Complaint.

**COUNT I**
**BREACH OF CONTRACT**

5.    Federal Insurance Company admits it issued a policy of insurance to Plaintiff, Policy No.: 3594-25-77BOS, subject to certain restrictions, conditions and exclusions, providing

certain coverage to specified property. Federal Insurance Company otherwise denies the averments in paragraph 5 of the Complaint.

6. Federal Insurance Company denies the averments in paragraph 6 of the Complaint.

7. Federal Insurance Company denies the averments in paragraph 7 of the Complaint.

8. Federal Insurance Company admits the averments in paragraph 8 of the Complaint.

9. Federal Insurance Company admits Plaintiff submitted an insurance claim but denies all other averments in paragraph 9 of the Complaint.

10. Federal Insurance Company denies the averments in paragraph 10 of the Complaint.

11. Federal Insurance Company admits the Policy covered earthquake damage subject to certain restrictions, conditions and exclusions.

12. Federal Insurance Company admits it was provided with an opportunity to inspect the property and investigate the loss but denies all other averments in paragraph 12 of the Complaint.

13. Federal Insurance Company denies the averments in paragraph 13 of the Complaint.

14. Federal Insurance Company denies the averments in paragraph 14 of the Complaint.

15. Federal Insurance Company denies Plaintiff is entitled to any relief, whether legal or equitable, as set forth in the final paragraph in this section of the Complaint.

## COUNT II
## INSURANCE BAD FAITH

16. Federal Insurance Company adopts and incorporates by reference its prior responses to paragraphs 1-15 of the Complaint in response to the first paragraph in this section of the Complaint.

17. Federal Insurance Company denies the averments in paragraph 15 of the Complaint.

18. Federal Insurance Company denies the averments in paragraph 16 and all subparts of paragraph 16 of the Complaint.

19. Federal Insurance Company denies the averments in paragraph 17 of the Complaint.

20. Federal Insurance Company denies the averments in paragraph 18 of the Complaint.

21. Federal Insurance Company denies Plaintiff is entitled to any relief, whether legal or equitable, as set forth in the final paragraph in this section of the Complaint.

## FEDERAL INSURANCE COMPANY'S SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

22. The Complaint fails to state a claim against Federal Insurance Company for which relief may be granted.

23. The Complaint fails to state extra-contractual claims against Federal Insurance Company upon which relief may be granted.

24. Federal Insurance Company asserts that a reasonable investigation was conducted regarding Plaintiff's claim. To the extent Plaintiff asserts that any claim was denied or delayed, Federal Insurance Company asserts that a reasonable basis existed for denying or delaying the claim.

25. Federal Insurance Company complied with the terms of the subject insurance Policy and applicable law.

26. Federal Insurance Company did not proximately cause Plaintiff's damages, if any.

27. Federal Insurance Company's conduct, actions, or omissions, if any, were not a producing cause of Plaintiff's damages, if any.

28. During the investigation of Plaintiff's claim, Federal Insurance Company complied with applicable law and acted reasonably in handling Plaintiff's claim.

29. Plaintiff's recovery from Federal Insurance Company, if any, should be reduced by the comparative negligence, fault, responsibility, or causation attributable to Plaintiff and/or responsible third parties.

30. Federal Insurance Company is not liable to Plaintiff for any loss to insured property that is either not covered by the Policy or that is specifically excluded by the Policy. Specifically, Federal Insurance Company is not liable for any loss caused by one or more of the following as excluded by the Policy:

   a. Loss or damage caused by or resulting from any faulty, inadequate or defective:

      i. Planning, zoning, development, surveying, sitting';

      ii. Design, specifications, plans, workmanship, repair, construction, renovation, remodeling, grading, compaction;

      iii. Materials used in repair, construction, renovation or remodeling; or

      iv. Maintenance;

   b. Loss or damage caused by or resulting from wear and tear;

   c. Loss or damage caused by or resulting from settling, cracking, shrinking, bulging or expansion of land, paved or concrete surfaces, foundations, pools, buildings or other structures; and

   d. Additional exclusions listed in the policy whose application may become evidence after further discovery.

31. Federal Insurance Company's liability, if any, under the subject insurance policy for the claim in question is barred or reduced due to Plaintiff's failure to reasonably protect the insured property from further loss and/or failure to mitigate damages by effectuating necessary repairs in a timely manner.

32. The Policy's conditions or exclusions may apply that preclude or limit coverage, including but not limited to the following:

   a. Plaintiff is barred from bringing legal action unless there has been full compliance with all terms of the policy;

   b. Plaintiff had a duty to take all reasonable means that were necessary to protect the property from further loss or damage;

   c. Plaintiff had a duty to cooperate in the investigation, settlement or handling of the claim; and

   d. Plaintiff had a duty to permit inspection of the property as requested;

Plaintiff's failures to comply with its duties under the Policy prejudiced Federal Insurance Company's ability to adjust any loss.

33. Pleading in the alternative, to the extent Federal Insurance Company has a claim covered by the terms and conditions of the Policy, and which is not otherwise excluded from coverage by the Policy, Federal Insurance Company has no liability under the Policy unless the covered loss exceeds the applicable deductible specified in the Policy. Moreover, to the extent Plaintiff recovers under the Policy, damages must be reduced by said deductible.

34. Pleading in the alternative, Federal Insurance Company pleads it is entitled to an offset for any payments made by Federal Insurance Company in the unlikely event that Plaintiff makes a recovery in this matter.

35. Federal Insurance Company pleads that some or all of Plaintiff's claims are barred by the doctrines of waiver, laches or equitable estoppel.

36. The Complaint fails to state a cause of action against Federal Insurance Company for punitive damages.

37. Under the facts of this case, Federal Insurance Company's conduct, actions, or omissions, if any, do not justify Plaintiff's claims for punitive damages. Such claims violate the United States Constitution in the following respects:

  a. Due process requires proof of gross negligence by a standard greater than the "preponderance of evidence" standard.  Due process requires proof of such allegations beyond a reasonable doubt, or, in the alternative, by a clear and convincing standard of proof.

  b. Due process precludes the introduction and admission of highly prejudicial evidence, such as wealth or net worth of the Defendant, which would likely influence or prejudice a jury with regard to its answers.  Due process requires safeguards so that such highly prejudicial evidence cannot be introduced or presented to the jury without adequate instructions and/or protections.

  c. A trial in which punitive or exemplary damages are sought must be bifurcated to preserve the Defendant's due process rights under the United States Constitution.

  d. Due process requires proof of more than mere negligence in order to constitute gross negligence.  Due process requires clear and precise instructions and standards at trial for gross negligence and punitive or exemplary damages.

  e. The lack of sufficient safeguards and standards for punitive or exemplary damage awards constitutes a violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

  f. Plaintiffs' plea for punitive or exemplary damages represents an impermissible burden on interstate commerce, in violation of Article I, Section 8 of the United States Constitution.

      g.      Imposition of punitive or exemplary damages violates the Ninth Amendment of the United States Constitution because Defendant is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

      h.      Because of the lack of clear standards, the imposition of punitive or exemplary damages against Defendant would be unconstitutionally vague and/or overly broad.

      i.      Each special issue or question that pertains to an award of punitive or exemplary damages must be based on a unanimous jury verdict.

38.    Plaintiff is not entitled to punitive damages under Okla. Stat. tit. 23 § 9.1, and case law interpreting same.

39.    Plaintiff's claims are barred by additional defenses that may arise during the course of this litigation, which Federal Insurance Company reserves the right to assert.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Federal Insurance Company prays that Plaintiff takes nothing, that Federal Insurance Company recover its attorney's fees and costs, and that the Court grant Federal Insurance Company any other and further relief to which it may be justly entitled.

Respectfully submitted,

s/ John D. Stiner
John D. Stiner, OBA #18148
**STINER LAW FIRM, PLLC**
119 N. Robinson, Suite 320
Oklahoma City, OK 73102
Telephone: (405) 602-1591
Facsimile: (405) 602-1754
Email: john@stinerlaw.com

--AND--

Jennifer G. Martin
Texas State Bar No. 00794233
W. Nicholas Terrell
Texas State Bar No. 24075149
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 Phone
(214) 698-1101 Facsimile
Email: jennifer.martin@wilsonelser.com
Email: nick.terrell@wilsonelser.com
**(PRO HAC MOTION FORTHCOMING)**

**ATTORNEYS FOR DEFENDANT**
**FEDERAL INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of August, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell  
Mark A. Engel  
Kenneth G. Cole  
Adam Engel  
MANSELL, ENGEL & COLE

                                                      s/ John D. Stiner  
                                                     John D. Stiner