# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VTT MANAGEMENT INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-17-767-M |
| FEDERAL INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## ORDER

This case is scheduled for trial on the Court's November 2018 trial docket.

Before the Court is defendant's Motion to Compel and for Continuance, filed September 25, 2018. Plaintiff filed its response on October 3, 2018, and on October 8, 2018, defendant filed its reply. Upon review of the parties' submissions, the Court makes its determination.

I. Background

Plaintiff originally filed this action on July 18, 2017, asserting breach of contract and insurance bad faith claims against defendant, stemming from a dispute over whether earthquake damage to plaintiff's property should have been covered by defendant. A scheduling conference was set for November 3, 2017, and the parties submitted their Joint Status Report and Discovery Plan on October 24, 2017. The Court then entered the Scheduling Order on November 3, 2017. At that time, this case was set on the Court's November 2018 trial docket—where it currently remains.

Defendant now moves to compel plaintiff to respond to certain requests for production and interrogatories, asserting that plaintiff's current responses are deficient. Defendant also moves for a continuance of the trial date by 90 days—contending that it needs additional time to prepare for trial considering plaintiff's deficient discovery responses. Plaintiff responds that (1) defendant has

already received most of the documents it seeks from plaintiff, (2) plaintiff will be severely prejudiced by any delay in the trial date[1], and (3) defendant's contentions regarding prejudice are pretextual—defendant only seeks to delay the trial date and prejudice plaintiff.

II. Discussion

    a. Motion to Compel

Defendant asserts that plaintiff's discovery responses are deficient. Specifically, defendant points out numerous discovery responses where, in its view, plaintiff needs to follow up with more information. In response, plaintiff does not assert any defenses for not responding to defendant's discovery requests, such as irrelevance or privilege. Rather, plaintiff contends that defendant is already in possession of most of the documentation that defendant seeks. Plaintiff further contends that some of the documentation defendant seeks does not exist, and that other documentation will be produced as it is discovered by plaintiff.[2] Regarding the responses to the interrogatories, plaintiff contends that defendant has obtained these answers through the numerous depositions the parties have conducted over the past month. In its reply, defendant does not dispute this, but asserts that some revelations in these depositions has led to the need for further depositions and other discovery.

Having reviewed the submissions of the parties, the Court finds that defendant's motion to compel should be granted. Specifically, the Court finds that plaintiff must—to the extent the documentation exists and is within its possession—provide the requested documentation to

---

[1] Specifically, plaintiff claims it is incurring substantial financial damages by the day, and that any delay of the trial date would likely cause it to default on the loan on its building.
[2] Plaintiff spends more time in its briefing arguing that defendant is not prejudiced by any unproduced documents, rather than explaining why various documents have not been produced. The issue of prejudice will be addressed in a separate section of the Order.

defendant.[3] To the extent, however, that defendant seeks information already obtained through recent depositions, plaintiff is not required to provide this information.

      b. Continuance of Trial

In addition to its motion to compel, defendant seeks a continuance of 90 days to follow up on any new information it may receive from plaintiff, and to conduct a series of new depositions, in light of information it has recently discovered. Defendant contends that keeping this case on the November trial docket will prejudice it in defending itself at trial because it will not have sufficient time to prepare for trial—particularly given that it is still receiving documents from plaintiff. Plaintiff responds that defendant has not been prejudiced by any of its discovery deficiencies, and that defendant merely wants to take advantage of plaintiff's precarious financial situation and delay the trial date.

Having reviewed the submissions of both parties, the Court finds that defendant's request for a continuance of trial should be granted in part. Specifically, the Court finds that defendant should be granted 30 days—rather than the full requested 90 days—to adequately conduct the additional discovery it believes is necessary to prepare its case for trial. The Court finds that a 30-day continuance strikes an appropriate balance considering the competing contentions of prejudice from both parties.

III.    Conclusion

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendant's Motion to Compel and for Continuance [docket no. 69] as set forth above. To the extent that plaintiff has been ordered to produce additional documents, plaintiff shall produce said documents to defendant

---

[3] Specifically, plaintiff must supplement its responses to requests for production 3, 4, 7, 8, 9, 10, 16, 17, 18, 20-24 (inclusive), 26, 31, 35-43 (inclusive), 45, 47, 48, 49, 51, and 52.

within 21 days of this Order. Additionally, this matter is hereby STRICKEN from the November 2018 trial docket and RESET for the December 2018 trial docket.

**IT IS SO ORDERED this 16th day of October, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE