# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VTT MANAGEMENT INC., | ) |
| Plaintiff, | ) )  ) |
| vs. | ) ) Case No. CIV-17-767-M |
| FEDERAL INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## ORDER

This case is scheduled for trial on the Court's December 2018 trial docket.

Before the Court is plaintiff's Motion to Compel, filed September 13, 2018. Defendant filed its response on October 4, 2018, and on October 15, 2018, plaintiff filed its reply. Upon review of the parties' submissions, the Court makes its determination.

I. Background

Plaintiff filed this action on July 18, 2017, asserting breach of contract and insurance bad faith claims against defendant, stemming from a dispute over whether earthquake damage to plaintiff's property should have been covered by defendant. At this point the parties have engaged in months of discovery. As part of this process, plaintiff requested that defendant produce "all reports Defendant's experts have prepared for Defendant on claims other than the subject claim." Defendant objected to this request—asserting that plaintiff's request was, *inter alia*, an improper "fishing expedition."

Plaintiff now moves this Court to compel defendant to respond to its request for production ("RFP"). Plaintiff asserts that these documents are relevant because they could show that defendant's experts are biased in favor of defendant. Defendant, however, contends that plaintiff

seeks to launch a fishing expedition, and that expert reports prepared for other litigation matters is not relevant to this case.

II.     Discussion

The Federal Rules of Civil Procedure permit broad but not unlimited discovery. In federal civil litigation, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Nevertheless, a court "may, for good cause, issue an order to protect a party or person [from whom discovery is sought] from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Courts generally use a broad definition of relevance when determining whether discovery is permissible, because discovery "is designed to help define and clarify the issues." *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1519 (10th Cir.1995). Yet, Rule 26 does not authorize unlimited discovery. *See Murphy v. Deloitte & Touche Grp. Ins. Plan,* 619 F.3d 1151, 1163 (10th Cir. 2010). Moreover, the mere fact that a plaintiff offers a "broad theory of the case" does not automatically justify equally broad discovery, "unless the discovery is relevant to the plaintiff's actual claims or defenses." *In re Cooper Tire & Rubber Co.,* 568 F.3d 1180, 1193 (10th Cir. 2009).

It is well-settled that "cross-examination to show the bias of a witness or his interest in a case is entirely proper." *Collins v. Wayne Corp.,* 621 F.2d 777, 784 (5th Cir. 1980), *superseded on other grounds by* 2000 amendment to Fed. R. Evid. 103(a). Moreover, courts have found that expert witnesses present a particular need for close scrutiny:

> [E]xpert witnesses in the business of furnishing litigation support. . . may have a motive to slant testimony to favor their customers and promote the continuation of their consultation business. Courts have recognized that expert witnesses who seek law firms, insurance companies, or the government as clients may have interests beyond the fact of individual cases in producing opinion

evidence. . . Although an expert witness would not necessarily succumb to business pressures, and most experts endeavor to remain faithful to the facts as viewed through the lens of their specialized knowledge, when formulating their opinion, a jury nonetheless is entitled to know of the potential influences that are brought to bear on the witness when called upon to assess credibility.

*Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto Ins. Co.,* Case Nos. 11-10658, 11-11003, 11-11855, 2011 WL 4507417 (E.D. Mich. September 29, 2011). *See also Behler v. Hanlon,* 199 F.R.D. 553, 557 (D. Md. 2001) (finding that, for purposes of impeachment, expert witness had to provide certain financial and other work-related history information through discovery).

Having carefully reviewed the parties' submissions, and applying the principles established above, the Court finds that the information sought by plaintiff is relevant in this case. Specifically, the Court finds that the expert reports could be reasonably calculated to lead to discoverable information on the possible bias of defendant's expert witnesses. However, the Court limits the scope of this inquiry to reports prepared within the last five years, and only those reports regarding claims made by insureds for earthquake-related damage.

III. <u>Conclusion</u>

For the reasons set forth above, the Court GRANTS plaintiff's motion to compel [docket no. 58] subject to the limitations set forth above. Defendant shall produce said documents to plaintiff within 21 days of the date of this Order.

**IT IS SO ORDERED this 17th day of October, 2018**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

3