## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VTT MANAGEMENT INC.,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendant. | Case No: 5:17-cv-767-G<br><br>**TRIAL DOCKET – MARCH 2019** |

### FINAL PRETRIAL REPORT

All counsel who will appear at trial:

Appearing for Plaintiff:    Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
M. Adam Engel, OBA #32384
MANSELL ENGEL & COLE
204 North Robinson Avenue, 21st Floor
Oklahoma City, OK 73102
T: (405) 232-4100 ** F: (405) 232-4140
Email:  mec@meclaw.net

Appearing for Defendant:   Joseph A. Ziemianski (*Pro Hac Vice*)
Peter B. Magnuson (*Pro Hac Vice*)
Cozen O'Connor
LyondellBasell Tower
1221 McKinney, Suite 2900
Houston, TX 77010
T: (832) 214-3912
Email:  jziemianski@cozen.com
pmagnuson@cozen.com

John D. Stiner
Stiner Law Firm PLLC
119 North Robinson Avenue, Suite 630
Oklahoma City, OK 73102
T: (405) 602-1591
Email:  john@stinerlaw.com

**Jury Trial Demanded** ☑  **-  Non-Jury Trial** ☐

1. **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties (appropriate for use during jury selection in jury cases).

   VTT:  Plaintiff, VTT Management Inc., insured its 15-story residential apartment building in Oklahoma City with Federal Insurance Company.  The cast iron drain and sewer line in the building was substantially damaged by an earthquake while Federal Insurance Company insured it.  Earthquake is covered under Plaintiff's insurance policy.  Plaintiff made a claim with Defendant, and Defendant hired biased experts and refused to properly investigate the loss so that it could deny the claim, which it did.  Federal Insurance Company breached the insurance policy and the duty of good faith and fair dealing in the handling and disposition of Plaintiff's claim.  Plaintiff had to close the building due to the extensive damage and has incurred and continues to incur substantial loss of business income.  Defendant owes for loss of income, repairs to the building, and punitive damages.

   Federal:  Federal denies that it breached the Policy.  Specifically, Federal denies that the September 3, 2016 earthquake was either the cause-in-fact or the proximate cause of the alleged damage to the Mid-Town Apartments.  Rather, Federal contends that the cause-in-fact and proximate cause of the alleged damage were wear and tear, deterioration and/or inadequate maintenance.  Loss caused by each is excluded specifically from coverage under the policy.  Federal further denies that it violated the duty of good faith and fair dealing.  In addition to the fact that there was no coverage under the policy, Federal conducted a reasonable investigation and had a legitimate basis for denying coverage.  Federal further denies that its actions in any way would justify an award of exemplary damages pursuant to 23 O.S. § 9.1 or an award of interest or attorney fees under 36 O.S. § 3629.

2. **JURISDICTION**.  The basis on which the jurisdiction of the Court is invoked.

   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  There is complete diversity between the parties and Plaintiff contends the amount in controversy exceeds $75,000.

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdictional facts.

   a.   The parties stipulate that the amount sought by Plaintiff exceeds $75,000 and this action involves citizens of different states.

4. **LEGAL ISSUES**.  State separately, and by party, each disputed legal issue and

the authority relied upon.

VTT:  Plaintiff incorporates its trial brief.

Federal:  In addition to pending motions *in limine* and Motion for *Ager* Hearing [Dkt. 101]:

a)  Whether the evidence offered by VTT and admitted into evidence is sufficient to justify submission of VTT's claims, or either of them, to the jury in accordance with the standards of Fed.R.Civ.P. 50.

b)  Whether Federal is entitled to judgment, as a matter of law, in its favor with respect to its affirmative defenses, including: (a) that the cause in fact and proximate cause of the alleged damage to the building was a cause for which coverage is excluded under the policy, *e.g.*, wear and tear or deterioration or inadequate maintenance.; and (b) that VTT failed to comply with its obligations under the policy, including the duty to cooperate in Federal's investigation.

c)  Whether the evidence offered by VTT and admitted into evidence is sufficient to submit any punitive damages request to the jury.

d)  Whether, as a matter of law, VTT may recover on its claim for bad faith if the jury determines that Federal is not liable to VTT for breach of the policy, *i.e.*, there is no coverage.

e)  Whether VTT is entitled to attorney fees and/or prejudgment interest under 36 O.S. § 3629.

## 5.  CONTENTS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.

### A.  Plaintiff

1.  On or about July 26, 2016, Federal Insurance Company ("Federal") issued a property insurance policy number 3594-25-77BOS to VTT Management Inc. ("VTT") covering certain properties including a residential apartment building owned by Plaintiff in Oklahoma City.

2.  Plaintiff's property sustained substantial earthquake damage during the policy period from May 1, 2016 to May 1, 2017.

3.  Plaintiff's loss exceeds the deductible in the policy.

4.  Plaintiff's premiums were fully paid at all times material hereto.

5.  Plaintiff submitted a claim for the loss to Federal and complied with all conditions precedent to recovery under the subject insurance policy.

6.     Defendant breached the subject insurance contract by wrongfully denying a coverage for Plaintiff's claim for earthquake damage.

7.     Earthquake is a covered cause of loss under the subject insurance policy.

8.     Defendant was provided with the opportunity to inspect the property and investigate the loss and is fully aware of the damage which should have been covered under the subject policy.

9.     Defendant refused payment by falsely asserting exclusions from coverage including wear and tear, deterioration, and faulty maintenance; none of which apply to the damage being claimed.

10.     As a result of Defendant's breach of the subject insurance contract, Plaintiff has suffered property loss and damage, loss of rental income, and other financial and incidental and consequential damages in an amount in excess of $75,000.00.

11.     In order to find an excuse for denial, Defendant hired purported experts that it knew, or had reason to know, would write a report minimizing or avoiding covered causes of loss and instead would attribute the damage to non-covered causes of loss such as deterioration, wear and tear, and/or faulty maintenance.

12.     Defendant breached the implied covenant of good faith and fair dealing in accord with its routine practice for the handling of such claims, in the following respects:

    a.     failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that it was entitled to those benefits;

    b.     failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

    c.     withholding payment of the benefits on behalf of Plaintiffs knowing that Plaintiff's claims for those benefits were valid;

    d.     refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

    e.     refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

f.        refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.        failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

h.        not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i.        forcing Plaintiff, pursuant to its claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

j.        failing to properly evaluate any investigation that was performed;

k.        failing to follow the laws of insurance policy construction, including resolving any ambiguity in favor of coverage for their insured;

l.        refusing to consider the reasonable expectations of the insured; and

m.        failing and refusing to properly investigate and consider the insurance coverage promised to their insured;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to Defendant.

13.    As a direct result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered loss of the policy benefits, loss of the coverage promised by Defendant, loss of rental income, damage to reputation other financial, and incidental and consequential damage.

14.    Defendant's actions were wanton and reckless or willful and malicious, and Plaintiff is entitled to recover punitive damages.

**B.    <u>Defendant</u>**

Defendant has not alleged a counterclaim or any third-party claim.  Rather, it denies that Plaintiff can present sufficient evidence to recover on its claims for breach of the

insurance policy and/or breach of the implied covenant of good faith and fair dealing. Defendant is entitled to judgment as a matter of law in its favor with respect to these claims in accordance with Fed.R.Civ.P. 50.

In addition, Defendant contends:

1. It conducted a fair and reasonable investigation of Plaintiff's claim and performed a fair and reasonable evaluation of the results of that investigation;

2. Defendant had a legitimate basis for denial of Plaintiff's claim.

3. The September 3, 2016 was neither a cause-in-fact nor the proximate cause of the alleged damage to the building VTT manages.

4. Defendant at all times acted in accordance with the law and the provisions of the policy.

5. Federal Insurance Company is not liable for any loss caused by one or more of the following as excluded by the Policy:
   a. Loss or damage caused by or resulting from any faulty, inadequate or defective:
   i. Planning, zoning, development, surveying, sitting'
   ii. Design, specifications, plans, workmanship, repair, construction, renovation, remodeling, grading, compaction;
   iii. Materials used in repair, construction, renovation or remodeling; or
   iv. Maintenance;
   b. Loss or damage caused by or resulting from wear and tear or deterioration;
   c. Loss or damage caused by or resulting from settling, cracking, shrinking, bulging or expansion of land, paved or concrete surfaces, foundations, pools, buildings or other structures.
   The alleged damages to the insured premises was the result of one or more of the above excluded causes.

6. The Policy's conditions or exclusions may apply that preclude or limit coverage, including but not limited to the following:
   a. Plaintiff is barred from bringing legal action unless there has been full compliance with all terms of the policy;
   b. Plaintiff had a duty to take all reasonable means that were necessary to protect the property from further loss or damage;
   c. Plaintiff had a duty to cooperate in the investigation, settlement or handling of the claim; and
   d. Plaintiff had a duty to permit inspection of the property as requested;
   Plaintiff's failures to comply with its duties under the Policy prejudiced Federal

Insurance Company.

7. To the extent Plaintiff recovers under the Policy, damages must be reduced by the applicable deductible.

8. Plaintiff is not entitled to an award of punitive damages and to the extent any such amount is awarded, the award must comply with 23 O.S. § 9.1, the Oklahoma Constitution and the United States Constitution.

9. If successful, Plaintiff is only entitled to recovery consistent with the applicable terms of the policy.

6.   **EXHIBITS**.  The following exclusionary language **MUST** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

**Plaintiff**:

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 1. | Federal Insurance Company policy (Ex. 2 Watkins/Trippel depo.). | | |
| 2. | 12/09/2010 Loss Control Report pp. Federal/VTT 3382-3403. | | |
| 3. | REA Property Assessment (Federal/VTT 243-303). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). Lack of authentication and foundation. Hearsay. | |
| 4. | 2016 Loss Control Survey pp. Federal/VTT 225-242. | | |
| 5. | Chubb/Federal Insurance Company claim file for the 2011 HVAC chiller claim (Federal/VTT 191-224). | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 6. | Federal Insurance Company claim file for earthquake loss (Federal/VTT 1-5 [loss notice]; Federal/VTT 173-190 [Chubb photos]; Federal/VTT 305-367 [11/30/16 Watkins Photos]; Federal/VTT 368-390 [06/21/12 photos]; Federal/VTT 464-467 [Watkins captioned report]; Federal/VTT 13- 166 [claim notes]; Federal/VTT 414-450 [Gehringer estimate]; Federal/VTT 451- 461 [Watkins letter]; Federal/VTT 642-663 [Rimkus photos]; Federal/VTT 706 [Don's Plumbing]; Federal/VTT 906-914 [denial letter]). Plaintiff reserves the right to use any documents in what Defendant produced as the "claim file," pp. Federal/VTT 0001-2118. | | |
| 7. | Service requests Midtown Apartments 01/01/2014-12/08/2016 (VTT 2107-2189). | | |
| 8. | Zion Services LLC repair invoices for repairs at Midtown Apartments 2017 and 2018 (VTT 945-1009). | | |
| 9. | AAA Plumbing and Solar emergency repair invoice for repair of water main (VTT 893) and check (VTT 14017-14018). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). | |
| 10. | Goad and Sons Construction repair for asphalt repairs (VTT 1) and check (VTT 13595). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 11. | All Rimkus Consulting engineering reports received by Chubb/Federal Insurance Company for Oklahoma claims in the last 5 years (Exhibits 6, 7, 8, 9, 10 Trippel/Watkins). | Irrelevant and hearsay. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403, 801). | |
| 12. | Tulsa World news article on Pawnee earthquake dated November 20, 2016. | Irrelevant and hearsay. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403, 801). Lack of foundation. Defendant also objects on hearsay grounds. | |
| 13. | Withdrawn | | |
| 14. | ~~All depositions given by Chubb/Federal insurance adjusters on earthquake claims in Oklahoma in the last 5 years. (don't have).~~ | | |
| 15. | Midtown Apartment financial documents produced by Plaintiff for years 2015, 2016, 2017, and 2018:<br><br>2015 Operating Income and Expense (VTT 2024);<br><br>2016 Monthly Operating Income and Expense (VTT 2027);<br><br>2017 Monthly Operating Income and Expense (VTT 2026), 2017 12-Month Income Statement (VTT 4508-4509), and Cash Flow 2017 (VTT 4540); | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | 2018 Monthly Operating Income and Expense [1st quarter] (VTT 2025), 2018 Monthly Operating Income and Expense [thru July], 2018 12-Month Income Statement [thru July], and Cash Flow 2018 [thru August]. | | |
| 16. | Aces Three repair invoices (Federal/VTT 528-596). | | |
| 17. | ~~Aces Three bills and register for 2015, 2016, 2017, and 2018.~~ | | |
| 18. | ~~Aces Three payment register from a period of January 2017 to the present.~~ | | |
| 19. | ~~Roto Rooter repair invoice dated 07/18/2016, invoice #1605138.~~ | | |
| 20. | Photographs of apartment 110 repairs (VTT 60-63). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). Lack of authentication and foundation. | |
| 21. | Photographs of apartment 212 repairs (VTT 24-26). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). Lack of authentication and foundation. | |
| 22. | Photographs of apartment 302 repairs (VTT 27-30, VTT 77-78). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | Lack of authentication and foundation. | |
| 23. | Photographs of apartment 403 repairs (VTT 31-35). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). Lack of authentication and foundation. | |
| 24. | Photographs of apartment 502 repairs (VTT 36-39). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). Lack of authentication and foundation. | |
| 25. | Photographs of apartment 503 repairs (VTT 79-81). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). Lack of authentication and foundation. | |
| 26. | Photographs of apartment 712 repairs (VTT 40-43, VTT 50). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). Lack of authentication and foundation. | |
| 27. | Photographs of apartment 1003 repairs (VTT 73-76). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | Lack of authentication and foundation. | |
| 28. | Photographs of apartment 1104 repairs (VTT 82-83). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). Lack of authentication and foundation. | |
| 29. | Photographs of apartment 1312 repairs (VTT 54-56). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). Lack of authentication and foundation. | |
| 30. | Photographs of apartment 1313 repairs (VTT 57-59). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). Lack of authentication and foundation. | |
| 31. | Photographs of apartment 1408 repairs (VTT 49, VTT 51-53). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). Lack of authentication and foundation. | |
| 32. | Photographs grouped as "Exterior-Misc." produced to Defendant (VTT 14, 15, 22, 23, 69, 176, 189, 208, 243). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | Lack of authentication and foundation. | |
| 33. | Scott-Whetstone Construction bid (VTT 381-891). | Irrelevant. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403). Currently the subject of Defendant's motion to exclude testimony. | |
| 34. | Rent rolls 2015 (VTT 1010-1184). | | |
| 35. | Rent rolls 2016 (VTT 1185-1338). | | |
| 36. | Rent rolls 2017 (VTT 1339-1536). | | |
| 37. | Rent rolls 2018 (VTT 1537-1631). | | |
| 38. | Midtown occupancy chart dated 2016-2018 (VTT 5576). | Lack of authentication and foundation. Not produced prior to September 18, 2018. Defendant further objects on grounds of hearsay. | |
| 39. | ~~Integrity Forensics and Engineering report (VTT 266-322).~~ | | |
| 40. | Rimkus Consulting report for Scott Buxton residence prepared by Johnny Phanthala (Ex. 5 to Trippel/Watkins depo.). | Report has not been produced by plaintiff therefore Defendant objects to use at trial. Irrelevant and hearsay. Any possible relevance is outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403, 801). | |
| 41. | Johnson Pools repair estimate-$27,047.00 (VTT 376). | Irrelevant and hearsay. Any possible relevance is | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  |  | outweighed by the danger of unfair confusion and prejudice to the jury (FRE 401, 402, 403, 801). |  |
| 42. | ~~Don's Plumbing repair estimate for replacing water service from meter to valve $26,350.00 (VTT 375).~~ |  |  |
| 43. | ~~Elevator proposal attachment dated 12/09/16 (VTT 358-374).~~ |  |  |
| 44. | ~~Midtown workorder log.~~ |  |  |
| 45. | ~~Comments detail on workorders (VTT 2190-2776).~~ |  |  |
| 46. | Withdrawn |  |  |
| 47. | Withdrawn |  |  |
| 48. | Withdrawn |  |  |
| 49. | Withdrawn |  |  |
| 50. | Withdrawn |  |  |
| 51. | Withdrawn |  |  |
| 52. | Withdrawn |  |  |
| 53. | Withdrawn |  |  |
| 54. | Withdrawn |  |  |
| 55. | Withdrawn |  |  |
| 56. | Withdrawn |  |  |
| 57. | Withdrawn |  |  |
| 58. | Withdrawn |  |  |
| 59. | Withdrawn |  |  |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 60. | Withdrawn | | |
| 61. | Withdrawn | | |
| 62. | Withdrawn | | |
| 63. | Photographs of building taken July 19, 2018 (VTT 2865-3115). | Defendant objects on grounds of lack of foundation and lack of authentication. Defendant further objects to the extent these photos were not timely produced during discovery. | |
| 64. | Photographs of building taken August 27, 2018 (VTT 2865-3115). | Defendant objects on grounds of lack of foundation and lack of authentication. Defendant further objects to the extent these photos were not timely produced during discovery. | |
| 65. | Videos of leaking pipes and repairs (VTT 380). | Defendant objects on grounds of lack of foundation and lack of authentication. | |
| 66. | Photographs and emails regarding of water main failure and repair (VTT 2010-2023). | Irrelevant. Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of lack of foundation and spoliation. (F.R.E. 401, 402, 403) | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 67. | All Defendant's exhibits except those objected to at trial. | | |
| 68. | Withdrawn | | |
| 69. | Withdrawn | | |
| 70. | Withdrawn | | |
| 71. | Before/after pictures of pool repairs (VTT 5486–5491). | Irrelevant. Any possible relevance is outweighed by the danger of unfair prejudice and confusion. (F.R.E. 401, 402, 403). | |
| 72. | 07/31/17 letter from Becky Sesock to M. Reed (Price Edwards 1215). | Irrelevant. Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of hearsay. (F.R.E. 401, 402, 403 and 801). | |
| 73. | Vaios email to Becky Sesock (Price Edwards 1220). | | |
| 74. | Ray Mahmood email to Melissa Geiss (Price Edwards 1288). | | |
| 75. | 04/04/17 Becky Sesock Email (Price Edwards 1675). | | |
| 76. | Becky Sesock emails re cash call (VTT 4722-4725). | Irrelevant. Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of hearsay. (F.R.E. 401, 402, 403 and 801). | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 77. | 06/11/18 emails re cash call (VTT 4737 | Irrelevant.   Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of hearsay. (F.R.E. 401, 402, 403 and 801). | |
| 78. | ~~05/15/18 emails re 60 day notice to vacate (VTT 4751-4754).~~ | | |
| 79. | 04/06/18 email re cash call (VTT 4772). | Irrelevant.   Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of hearsay. (F.R.E. 401, 402, 403 and 801). | |
| 80. | 03/05/18 email re cash call (VTT 4780). | Irrelevant.   Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of hearsay. (F.R.E. 401, 402, 403 and 801). | |
| 81. | 02/06/18 email re cash call (VTT 4783). | Irrelevant.   Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of hearsay. (F.R.E. 401, 402, 403 and 801). | |
| 82. | 01/06/18 email re cash call (VTT 4787). | Irrelevant.   Any possible relevance is outweighed by | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  |  | the danger of unfair prejudice and confusion. Defendant also objects on grounds of hearsay. (F.R.E. 401, 402, 403 and 801). |  |
| 83. | 12/11/17 email re cash call (VTT 4792). | Irrelevant. Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of hearsay. (F.R.E. 401, 402, 403 and 801). |  |
| 84. | 11/09/17 email re cash call (VTT 4797-4798). | Irrelevant. Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of hearsay. (F.R.E. 401, 402, 403 and 801). |  |
| 85. | 08/30/18 email and photos from Becky Sesock (VTT 4667-4671). |  |  |
| 86. | Withdrawn |  |  |
| 87. | Withdrawn |  |  |
| 88. | Other Osteraas Reports (Federal/VTT 8468-8573 and Federal/VTT 8020-8467) (only used if Court allows Osteraas as a witness). | Irrelevant. Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of hearsay. (F.R.E. 401, 402, 403 and 801). |  |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 89. | Other Rimkus reports (Federal/VTT 8574-8654). | Irrelevant. Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of hearsay. (F.R.E. 401, 402, 403 and 801). | |
| 90. | 2010 Lender inspection (FNMA 505-529). | Defendant objects on grounds of hearsay, lack of foundation and lack of authentication. Relevance. | |
| 91. | 2011 Lender inspection (FNMA 580-609). | Defendant objects on grounds of hearsay, lack of foundation and lack of authentication. Relevance. | |
| 92. | 2014 Lender inspection (FNMA 610-645). | Defendant objects on grounds of hearsay, lack of foundation and lack of authentication. Relevance. | |
| 93. | 2012 property assessment form (FNMA 687-718). | Defendant objects on grounds of hearsay, lack of foundation and lack of authentication. Relevance. | |
| 94. | 2015 property assessment form (FNMA 719-756). | Defendant objects on grounds of hearsay, lack of foundation and lack of authentication. Relevance. | |
| 95. | Federal/VTT 7643 (photograph). | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|-----|-----------|------|--------------------------------------|
| 96. | Federal/VTT 7650 (photograph). | | |
| 97. | Federal/VTT 7686 (photograph). | | |
| 98. | Federal/VTT 7687 (photograph). | | |
| 99. | Federal/VTT 7691 (photograph). | | |
| 100. | Federal/VTT 7723 (photograph). | | |
| 101. | Federal/VTT 7733 (photograph). | | |
| 102. | Federal/VTT 7734 (photograph). | | |
| 103. | Federal/VTT 7748 (photograph). | | |
| 104. | Federal/VTT 7104 (photograph). | | |
| 105. | VTT 14009-14016 (FNMA loan history). | Irrelevant. Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of lack of foundation, lack of authentication and hearsay. (F.R.E. 401, 402, 403 and 801) | |
| 106. | Tenant files for each former tenant allowed to testify for Defendant. | Defendant objects to lack of specificity making the assessment of the admissibility of individual documents contained therein impossible and thus defendant reserves its right to raise additional objections when actual exhibits are specified in the final pre-trial report. Defendant also | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  |  | objects on grounds of hearsay. |  |
| 107. | 12/17 Monthly report package from Price Edwards (VTT 4491-4568). | Irrelevant. Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of hearsay. (F.R.E. 401, 402, 403 and 801). |  |
| 108. | Johnson Pool invoice and letter (VTT 6616-6618). | Irrelevant. Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of hearsay. (F.R.E. 401, 402, 403 and 801). |  |
| 109. | John Erdt Construction invoice for board up (VTT 6869). | Irrelevant. Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on grounds of lack of foundation, lack of authentication and hearsay. (F.R.E. 401, 402, 403 and 801) |  |
| 110. | Michael Reed and Becky Sesock emails dated 05/04/18-05/10/18 regarding shutdown (VTT 4756-4758). | Irrelevant. Any possible relevance is outweighed by the danger of unfair prejudice and confusion. Defendant also objects on |  |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | grounds of hearsay. (F.R.E. 401, 402, 403 and 801). | |
| 111. | Withdrawn | | |
| 112. | Withdrawn | | |
| 113. | Withdrawn | | |
| 114. | Withdrawn | | |
| 115. | Matt Coyle depo. Exhibit 10 (set out in the designated portions of his video deposition). | Defendant objects to lack of specificity making the assessment of the admissibility of individual documents contained therein impossible and thus defendant reserves its right to raise additional objections when actual exhibits are specified in the final pre-trial report.  Relevance. | |

B. **Defendant**:

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 1. | Invoices, Work Orders and Service Log for elevator repairs at Mid-Town Apartments, 2011-2017 (VTT 916-944) | | |
| 2. | Work Orders (Closed service requests summary) for Midtown | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | Apartments, 12/01/14 – 12/08/16 (VTT 2107–2189) [Smith Ex. 4] | | |
| 3. | Service request(s) – Midtown Apartments, 2014 - 2016 (VTT 2190–2739; 2740–2776) | | |
| 4. | AAA Plumbing & Solar, LLC Invoice #1438 dated 9/15/16 (VTT 893) [Smith Ex. 3] | | |
| 5. | Email from R. Downs to T. Watkins dated 11/16/16 (VTT 377-379) | | |
| 6. | Rimkus Report of Findings dated 01/09/17 [Osteraas Ex. 3] | | |
| 7. | Integrity Forensic & Engineering Report dated 02/10/17 | | |
| 8. | Chart of Market Rent and Vacancy (Oct. 1, 2016 thru June 30, 2018) (VTT 892) | | |
| 9. | Price-Edwards walk thru list (undated) (PE 1 – 82) [Sesock Ex. 6] | | |
| 10. | 2015 Rent Roll (as of 10/31/15) (VTT 1010-1184) | | |
| 11. | 2015 Operating Income and Expense (VTT 2024) | | |
| 12. | 2016 Rent Roll (as of 10/31/16) (VTT 1185-1338) | | |
| 13. | 2016 Operating Income and Expense (VTT 2027) | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 14. | 2017 Rent Roll with Lease Charges (as of 10/31/17) (VTT 1339-1536) | | |
| 15. | 2017 Operating Income and Expense (VTT 2026) | | |
| 16. | 2018 Rent Roll with Lease Charges (as of 01/31/18) (VTT 1537-1631) | | |
| 17. | 2018 Gross Potential Rent Roll (as of 07/31/18) (VTT 2860-2864) | | |
| 18. | 2018 Operating Income and Expense (VTT 2025; 2859) | | |
| 19. | Email from A. Bond to R. Downs dated 09/21/16 (Federal 147) | | |
| 20. | Chubb/Bond's Claim File/Notes and E-mail dated 09/15-30/16 (Federal 148-159) [Downs Ex. 3] | | |
| 21. | Email string between A. Bond and R. Downs dated 10/03/16 (Federal 146-147) | | |
| 22. | Chubb/Watkins' Claim File/Notes and e-mail dated 10/04-05/16 (Federal 142-146) | | |
| 23. | Chubb/Watkins' Claim File/Notes dated 01/09-10/17 (Federal 72-73) | | |
| 24. | Email string between T. Watkins and M. Reed dated 05/09/17 (Federal 1175-1187) | | |
| 25. | Federal Insurance Company Policy #3594-25-77 BOS (05/01/16 – 05/01/17) [Watkins Ex. 2] | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 26. | Withdrawn | | |
| 27. | Withdrawn | | |
| 28. | Modified Mercalli Intensity Scale [Nastar Ex. 1, pp. A-20 – A-22] | This is an exhibit from Navid Nastar's report and again was not used or relied upon or considered in the handling or denial of this claim and is, therefore, irrelevant pursuant to FRE 401, 402, 403.  *See Buzzard v. Farmers Ins. Co.,* 1991 OK 127*; Buzzard v. McDanel*, 1987 OK 28; *Newport v. USAA*, 2000 OK 59.   Inadmissible hearsay. FRE 802. | |
| 29. | Withdrawn | | |
| 30. | Withdrawn | | |
| 31. | Independent Peer Review Report of Exponent dated 06/28/17 [Osteraas Ex. 1] | This was not used or relied upon or considered in the handling or denial of this claim and is, therefore, irrelevant pursuant to FRE 401, 402, 403. *See Buzzard v. Farmers Ins. Co.,* 1991 OK 127*; Buzzard v. McDanel*, 1987 OK 28; *Newport v. USAA*, 2000 OK 59.   Inadmissible hearsay. FRE 802. | |
| 32. | Withdrawn | | |
| 33. | Withdrawn | | |
| 34. | Scott-Whetstone Bid dated 03/22/17 (VTT 381-891) | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | [Gehringer Ex. 1, p. 48] Jeff Warren's estimate | | |
| 35. | Withdrawn | | |
| 36. | Photos taken by Gehringer during inspection [Gehringer Ex. 1, pp. 4-6] | | |
| 37. | Grecco Construction Consultants preliminary R.O.M. estimate [Gehringer Ex. 1, pp. 11-47] | | |
| 38. | Withdrawn | | |
| 39. | Withdrawn | | |
| 40. | Withdrawn | | |
| 41. | Withdrawn | | |
| 42. | Partial List of Inspections on Nov. 29th and Dec. 6th of 2016 [Hergenrether Ex. 5] | | |
| 43. | Summarized Zion Plumbing Invoices [Hergenrether Ex. 6] | | |
| 44. | Photos (2) of Pipe [Hergenrether Ex. 7 and Ex. 8] | | |
| 45. | Rimkus Supplemental Report dated 03/21/17 | | |
| 46. | Email string between M. Reed and T. Watkins dated 04/07/17 (Federal 15-18) [Theodorakos Ex. 4] | | |
| 47. | Email from M. Reed to D. Whitlock dated 09/14/16 (Federal 165) [Theodorakos Ex. 12] | | |
| 48. | Elevator Proposal from ThyssenKrupp dated 12/09/16 | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | (VTT 358-374) [Theodorakos Ex. 15] |  |  |
| 49. | Multifamily Property Management Agreement dated 01/01/17 [Reed Ex. 22] |  |  |
| 50. | Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories (17-cv-767) [Reed Ex. 34] |  |  |
| 51. | Plaintiff's Answers to Defendant's First Set of Interrogatories (17-cv-767) [Reed Ex. 36] |  |  |
| 52. | Withdrawn |  |  |
| 53. | E-mail from S. Goforth to D. Ledet dated 03/01/17 (PE 2172-2176; 2164-2165) [Reed Ex. 2-7] | Inadmissible hearsay. FRE 802. Irrelevant and unfairly prejudicial. FRE 401, 402, 403. Not timely listed pursuant to the Court's scheduling order. |  |
| 54. | Letter from Goforth Plumbing to Price Edwards & Company (PE 2164-2165) [Reed Ex. 2-7] | These are potential expert opinions and communications in anticipation of litigation which are inadmissible pursuant to Fed. R. Civ. P. 26(b)(3)(A), Fed. R. Civ. P. 26(b)(4)(D). Also, Defendant failed to provide an expert report required by Fed. R. Civ. P. 26(a)(2)(B) even if Fed. R. Civ. P. 26(b)(3)(A) and Fed. R. Civ. P. 26(b)(4)(D) do not apply. |  |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  |  | Further, this material was not used or considered by Defendant in the denial and, therefore, is irrelevant pursuant to FRE 401, 402, 403. Any relevance is outweighed by danger of confusion, cumulative nature of evidence, and unfair prejudice. The material is also inadmissible hearsay. FRE 802. Not timely listed pursuant to the Court's scheduling order. |  |
| 55. | Letter from Streets Mechanical to Price Edwards dated 2/20/17 (PE 2166) [Sesock Ex. 11] | These are potential expert opinions and communications in anticipation of litigation which are inadmissible pursuant to Fed. R. Civ. P. 26(b)(3)(A), Fed. R. Civ. P. 26(b)(4)(D). Also, Defendant failed to provide an expert report required by Fed. R. Civ. P. 26(a)(2)(B) even if Fed. R. Civ. P. 26(b)(3)(A) and Fed. R. Civ. P. 26(b)(4)(D) do not apply. Further, this material was not used or considered by Defendant in the denial and, therefore, is irrelevant pursuant to FRE 401, 402, 403. Any relevance is outweighed by danger of confusion, cumulative nature |  |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | of evidence, and unfair prejudice. The material is also inadmissible hearsay. FRE 802. Not timely listed pursuant to the Court's scheduling order. | |
| 56. | Invoices from Scott-Whetstone Construction, LLC to Mid-Town Apartments (2017) [Whetstone Ex. 1] | | |
| 57. | Email string between J. Scott and W. Whetstone dated 06/05/17 [Whetstone Ex. 2] | | |
| 58. | Email string between D. Almeida and W. Whetstone dated 11/28/17 [Whetstone Ex. 2] | | |
| 59. | Email string between V. Theodorakos and W. Whetstone dated 04/20/17 [Whetstone Ex. 2] | | |
| 60. | Email string between V. Theodorakos and W. Whetstone dated 04/24/17 [Whetstone Ex. 2] | | |
| 61. | Email string between V. Theodorakos and W. Whetstone dated 04/19/17 [Whetstone Ex. 2] | | |
| 63. | Email string between B. Sesock and M. Reed dated 04/19/17 [Whetstone Ex. 2] | | |
| 63. | Whetstone Letter to S. Mansell dated 09/11/18 [Whetstone Ex. 5] | | |
| 64. | Whetstone's estimate prepared by Jeff Warren dated 03/22/17 [Whetstone Ex. 6] | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 65. | E-mail from B. Sesock to R. Downs dated 03/08/17 (VTT 2177-2179) [Sesock Ex. 15] | | |
| 66. | E-mail from S. Vaughn to B. Sesock dated 07/24/18 (PE 2193) | Irrelevant and unfairly prejudicial. FRE 401, 402, 403. Not timely listed pursuant to the Court's scheduling order. Hearsay. FRE 802. | |
| 67. | E-mail string between R. Smith and S. Charap dated 05/29/16 (VTT 5428-5429) [Smith Ex. 2] | | |
| 68. | E-mail string between S. Charap and R. Downs dated 11/21/16 (VTT 5524-5525) [Smith Ex. 2] | | |
| 69. | List of Activities of Johnson Pools [Johnson Ex. 1] | Inadmissible hearsay. FRE 802. Irrelevant and unfairly prejudicial. FRE 401, 402, 403. | |
| 70. | Cancelled Service Orders, Service Invoice & Service Order (2016) [Johnson Ex. 1] | Inadmissible hearsay. FRE 802. Irrelevant and unfairly prejudicial. FRE 401, 402, 403. | |
| 71. | Withdrawn | | |
| 72. | Withdrawn | | |
| 73. | Withdrawn | | |
| 74. | E-mail string between M. Reed and D. Whitlock dated 02/24/17 (VTT 4570-4573) [Reed Ex. 2-9] | | |
| 75. | Withdrawn | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|-----|-----------|------|--------------------------------------|
| 76. | E-mail string between B. Sesock and F. Price dated 03/31/17 (PE 1816-1818) [Sesock Ex. 19] | | |
| 77. | E-mail from B. Sesock to R. Downs dated 03/31/17 (PE 1838) [Reed Ex. 2-16] | | |
| 78. | Midtown Occupancy Chart (2015 – 2018) [Charap Ex. 1] | | |
| 79. | Ace's Three repair invoices (2012 - 2016) [Douglas Ex. 3] | | |
| 80. | Service Request – Unit 202 [Shadid Ex. 1] | | |
| 81. | Acord Property Loss Notice dated 09/16/16 [Theodorakos Ex. 11] | | |
| 82. | Chubb (Watkins) Letter to VTT (Downs) dated 12/07/16 [Theodorakos Ex. 10] | | |
| 83. | Chubb (Watkins) Letter to VTT (Downs) dated 03/10/17 [Theodorakos Ex. 5] | | |
| 84. | Chubb (Watkins) Letter to VTT (Reed) dated 04/12/17 [Theodorakos Ex. 6] | | |
| 85. | Chubb (Watkins) Letter to VTT (Reed) dated 05/09/17 [Theodorakos Ex. 7] | | |
| 86. | Chubb (Watkins) Letter to VTT (Reed) dated 07/14/17 [Theodorakos 8] | | |
| 87. | E-mail from T. Watkins to R. Downs dated 10/07/16 (Federal 123-124) | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 88. | E-mail string between R. Downs and T. Watkins dated 10/19-21/16 (Federal 109-115) | | |
| 89. | E-mail from T. Watkins to R. Downs dated 10/31/16 (Federal 104-108) | | |
| 90. | E-mail from T. Watkins to R. Downs dated 11/10/16 (Federal 102) | | |
| 91. | Chubb/Watkins' Claim File/Note dated 11/16/16 (Federal 101) | | |
| 92. | E-mail from R. Downs to T. Watkins dated 11/30/16 (Federal 91-92) [France Ex. 39] | | |
| 93. | Chubb (Watkins) Letter to VTT (Downs) dated 04/04/17 (Federal 895-896) | | |
| 94. | Occupancy History Chart (2013-2018) (VTT 5576) [Geis Ex. 1] [Sesock Ex. 2] | | |
| 95. | Operating Income and Expense (2016) and Closed requests summary report (2015-2016) (PE 1178, 2134-2189) [Geis Ex. 3] | | |
| 96. | Operating Income and Expense (2015 and 2016) (PE 820-821) [Geis Ex. 4] | | |
| 97. | Midtown I&E FY2015 and 2016 (PE 1239-1242) [Geis Ex. 6] | | |
| 98. | Axiometrics' Property Report dated 08/15/16 (PE 1380-1386) [Geis Ex. 7] | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 99. | Email from B. Sesock to R. Downs dated 02/23/17 (PE 1953-1954) [Geis Ex. 12] | | |
| 100. | Price Edward's Blog dated 03/09/17 [Sesock Ex. 1] | | |
| 101. | Price Edwards' Management Proposal dated Oct. 2016 (PE 103-256) [Sesock Ex. 5] | | |
| 102. | Email string between D. Almeida and R. Downs dated 12/27/16 (PE 1254-1265) [Sesock Ex. 7] | | |
| 103. | Email string between B. Sesock and R. Downs dated 01/12/17 (PE 1873-1875) [Sesock Ex. 8] | | |
| 104. | Email string between R. Downs and B. Sesock dated 02/06/17 (PE 2162-2163) [Sesock Ex. 9] | | |
| 105. | Email string between R. Downs and B. Sesock dated 02/07/17 (PE 2167-2171) [Sesock Ex. 10] | | |
| 106. | Email string between B. Sesock and R. Downs dated 03/20/17 (PE 1766-1785) [Sesock Ex. 16] | | |
| 107. | Email from J. Warren to B. Sesock dated 03/24/17 (PE 1662) [Sesock Ex. 17] | Jeff Warren's information is inadmissible drafts and preliminary opinions on cost of repair which are inadmissible pursuant to Fed. R. Civ. P. 26(b)(3)(A) and Fed. R. Civ. P. 26(b)(4)(D). Not timely listed pursuant to the Court's scheduling order. | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|-----|-----------|------|-------------------------------------|
| 108. | Email string between B. Sesock and R. Downs dated 04/04/17 (PE 1675-1676) [Sesock Ex. 20] | | |
| 109. | Email string between M. Reed and B. Sesock dated 04/07/17 (PE 2018-2020) [Sesock Ex. 21] | | |
| 110. | Release and Waiver of Lien from Scott-Whetstone dated 06/01/17 (PE 1481) [Sesock Ex. 22] | | |
| 111. | Email string between B. Sesock and V. Theodorakos dated 02/13/18 (VTT 5545-5546) [Sesock Ex. 23] | | |
| 112. | Email string between B. Sesock and V. Theodorakos dated 05/17/18 (VTT 5547-5549) [Sesock Ex. 23] | | |
| 113. | Email string between B. Sesock and V. Theodorakos dated 06/26/18 (VTT 5550-5552) [Sesock Ex. 23] | | |
| 114. | Email string between B. Sesock and V. Theodorakos dated 07/31/18 (VTT 5554-5555) [Sesock Ex. 23] | | |
| 115. | Email from V. Theodorakos to B. Sesock dated 05/19/17 (PE 1220) [Vaughn Ex. 1] | | |
| 116. | Invoice dated 07/29/17 [Plunkett Ex. 2] | | |
| 117. | Invoice dated 07/21/18 [Plunkett Ex. 3] | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 118. | Invoice dated 08/31/18 [Plunkett Ex. 4] | | |
| 119. | Invoice dated 08/31/18 [Plunkett Ex. 5] | | |
| 120. | Photo of pipe [Plunkett Ex. 6] | | |
| 121. | Photo of pipe [Plunkett Ex. 7] | | |
| 122. | Photo of pipe [Plunkett Ex. 8] | | |
| 123. | Photo of pipe [Plunkett Ex. 9] | | |
| 124. | Photo of pipe [Plunkett Ex. 10] | | |
| 125. | Photo of pipe [Plunkett Ex. 11] | | |
| 126. | Photo of pipe [Plunkett Ex. 12] | | |
| 127. | Photo of pipe [Plunkett Ex. 13] | | |
| 128. | Photo of pipe [Plunkett Ex. 14] | | |
| 129. | Photo of pipe (VTT 67) [Plunkett Ex. 17] | | |
| 130. | Photo of pipe (VTT 65) [Plunkett Ex. 18] | | |
| 131. | Photo of pipe [Plunkett Ex. 19] | | |
| 132. | Photos taken by William Coleman (Analytical & Materials Engineering, Inc.) at the 09/17/18 site visit | Irrelevant and unfairly prejudicial. FRE 401, 402, 403. | |
| 133. | Photos taken by Navid Nastar (Brandow-Nastar) 09/17/18 site inspection (Federal 6654–7551) | Plaintiff has moved to exclude this witness and objects to these exhibits on the same basis (FRE 401, 402, 403. *See Buzzard v. Farmers Ins. Co.,* 1991 OK 127*; Buzzard v. McDanel,* | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | 1987 OK 28; *Newport v. USAA*, 2000 OK 59). | |
| 134. | Photos taken by John Osteraas (Exponent Failure Analysis Associates) 09/17/18 site inspection (Federal 6207–6349) | Plaintiff has moved to exclude this witness and objects to these exhibits on the same basis (FRE 401, 402, 403. *See Buzzard v. Farmers Ins. Co.,* 1991 OK 127; *Buzzard v. McDanel*, 1987 OK 28; *Newport v. USAA*, 2000 OK 59). | |
| 135. | Photos taken by Mark Hergenrether (Integrity Forensics and Engineering) 11/29 and 12/06/16 site inspections (Federal 2602 – 3488) | | |
| 136. | Photos taken by Mark Hergenrether (Integrity Forensics and Engineering) 09/17/18 site inspection (Federal 3489-4722) | | |
| 137. | Photos taken by Bob Gehringer (Grecco Construction Consultants) 11/29/16 and 11/30/16 site inspections (Federal 2119-2601) | | |
| 138. | Photos taken by Bob Gehringer (Grecco Construction Consultants) 09/17/18 site inspection (Federal 4723 – 6206) | | |
| 139. | Photos taken by Timothy K. France (Rimkus Consulting Group, Inc.) 11/29/16 site inspection (Federal 6350 – 6653) | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 140. | Letter from Chubb (Watkins) to VTT (Downs) dated 11/14/16 (Federal 393-394) [Downs Ex. 6] | | |
| 141. | Email string between T. Watkins and R. Downs dated 01/04/17 (Federal 73-76) [Downs Ex. 11] | | |
| 142. | Email string between T. Watkins and R. Downs dated 02/09/17 (Federal 41-58) [Downs Ex. 13] | | |
| 143. | Letter from Black Diamond Custom Services to Midtown dated 02/21/17 (PE 952-956) [Downs Ex. 15] | | |
| 144. | Email string between R. Downs and B. Sesock dated 03/29/17 (PE 2180-2181) [Downs Ex. 21] | | |
| 145. | Phillip Haynie's contemporaneous notes and invoices of PBS Plumbing, Inc. submitted to EPCO Mechanical (2011-2013) (PBS 1-65) | | |
| 146. | Email string between T. Watkins and R. Downs dated 11/17/16 (Federal 95-97) | | |
| 147. | Email from T. Watkins to C. Acocelli dated 02/20/17 (Federal 34-35) | | |
| 148. | Email from C. Acocelli to M. Reed dated 02/24/17 | | |
| 149. | Email string between M. Coyle and M. Straka dated 03/01/17 [Reed Ex. 2-15] | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 150. | Email string between B. Sesock and R. Downs dated 09/22/17 (VTT 6057 – 6065) | | |
| 151. | Email string between Price Edwards and Downs dated 02/23/18 (VTT 5644 – 5648) | | |
| 152. | Goforth Plumbing's estimate provided to PEC dated 03/24/17 [Theodorakos Ex. 2-2] | | |
| 153. | Personal Financial Statement of V. Theodorakos dated 05/31/18 (FNMA 385) | This is personal and confidential financial information which has no place in this lawsuit. Any relevance is outweighed by unfair prejudice. FRE 401, 402, 403. Not timely listed pursuant to the Court's scheduling order. | |
| 154. | Email string between B. Sesock and M. Reed dated 05/10/18 [Reed Ex. 2-13] | | |
| 155. | Adam Smith's Tenant File (2010-2016) (PE 10069- 10074) | Inadmissible hearsay. FRE 802. Irrelevant and unfairly prejudicial. FRE 401, 402, 403. Not timely listed pursuant to the Court's scheduling order. | |
| 156. | Email string between M. Reed and E. O'Connor dated 05/24/18 (HUB 4839–4842) | | |
| 157. | Withdrawn | | |
| 158. | All Plaintiff's exhibits except those objected to at trial. | | |

| No. | Documents | Obj. | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 159. | All exhibits from all depositions taken up until the time of trial not objected to by Federal | | |
| 160. | Rebuttal exhibits, if necessary | | |

**7.**     **WITNESSES**:  The following exclusionary language **MUST** be included: Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

**A.**     **Plaintiff:**

| No. | Witness | Proposed Testimony | Will Call/May Call |
|---|---|---|---|
| 1. | Vaios T. Theodorakos President and CEO VTT Management Inc. c/o Steve Mansell 204 North Robinson Avenue 21st Floor Oklahoma City, OK 73102 | Knowledge of loss and damages, purchase of insurance policy, denial of claim and damages, work related to loss and damages, investigation and handling of claim, scope, amount and cause of damages, insurance coverage. | Will Call |
| 2. | Michael T. Reed Vice President and COO VTT Management Inc. c/o Steve Mansell 204 North Robinson Avenue 21st Floor Oklahoma City, OK 73102 | Knowledge of loss and damages, purchase of insurance policy, denial of claim and damages, work related to loss and damages, investigation and handling of claim, scope, amount and cause of damages, insurance coverage. | May Call |
| 3. | Sedra Charap c/o Steve Mansell 204 North Robinson Avenue 21st Floor Oklahoma City, OK 73102 | Knowledge of pre-earthquake condition and post-earthquake condition of property, damage to the property, damages sustained by loss of tenants. | Will Call |
| 4. | Randy Smith | Knowledge of pre-earthquake | Will Call |

| No. | Witness | Proposed Testimony | Will Call/May Call |
|---|---|---|---|
|  | c/o Steve Mansell<br>204 North Robinson Avenue<br>21st Floor<br>Oklahoma City, OK 73102 | condition and post-earthquake condition of property, damage to the property. |  |
| 5. | Anthony Clark |  | May Call |
| 6. | Becky Sesock<br>c/o Price Edwards<br>210 Park Avenue, #700<br>Oklahoma City, OK 73102 | Former manager for Midtown Apartments. Knowledge of excessive number of plumbing repairs needed following the earthquake and damage to property. | Will Call |
| 7. | Jerry Shadid<br>3005 NW 50th<br>Oklahoma City, OK 73112 | Former tenant of property. Knowledge of earthquake and damage. | Will Call |
| 8. | C.J. Vigil<br>3013 NW 50th Street<br>Oklahoma City, OK 73112 | Former tenant of property. Knowledge of earthquake and damage. | Will Call |
| 9. | Johnny B. Phanthala, P.E.<br>c/o Rimkus Consulting Group, LLC<br>609 South Kelly, Suite C-1<br>Edmond, OK 73003 | Knowledge of earthquake damage to structure in Oklahoma City from the September 3, 2016 5.8 earthquake. | Will Call |
| 10. | Adrian Bond<br>Chubb North American Claims<br>Chubb Insurance Group<br>2155 W. Pinnacle Peak Road, Ste. 100<br>Phoenix, AZ 85027-1210 | Claim adjuster for Defendant on this claim. | Will Call |
| 11. | Michael B. Plunkett, P.E.<br>Engineering Associate Services<br>58 Briarwood Drive<br>Wakefield, RI 02879<br>(401) 935-6557 | Expert witness, engineer whose testimony is set out in the expert witness report being provided to Defendant on this date. | Will Call |
| 12. | Wayde Whetstone<br>700 N. Tulsa Avenue<br>Oklahoma City, OK 73107<br>(405) 982-1972 | Expert witness for repair, reconstruction cost for replacing the sanitary drain line system in the building as per his estimate provided to Defendant. | Will Call |
| 13. | Dean Kirby | This witness is both a fact | Will Call |

| No. | Witness | Proposed Testimony | Will Call/May Call |
|---|---|---|---|
|  | PO BOX 721325<br>Norman, OK 73070 | witness but also has expert credentials on plumbing issues and repair, plumbing and modes of failure.  Mr. Kirby will testify as to the plumbing repairs his company performed at the subject building, and the of cast iron pipe failures following the September 3, 2016 earthquake. |  |
| 14. | Matthew Coyle<br>Chubb North American Claims<br>Chubb Insurance Group<br>2155 W. Pinnacle Peak Road, Ste. 100<br>Phoenix, AZ 85027-1210 | Underwriter for Defendant on this claim.   Loss surveys on property. | Video |
| 15. | Rick Downs<br>Asset Manager<br>VTT Management Inc.<br>c/o Steve Mansell<br>204 North Robinson Avenue<br>21st Floor<br>Oklahoma City, OK 73102 | Knowledge of loss and damages, purchase of insurance policy, denial of claim and damages, work related to loss and damages, investigation and handling of claim, scope, amount and cause of damages, insurance coverage. | Will Call |
| 16. | Scott Vaughn |  | May Call |
| 17. | Terry Watkins, General Adjuster<br>Chubb North American Claims<br>Chubb Insurance Group<br>2155 W. Pinnacle Peak Road, Ste. 100<br>Phoenix, AZ  85027-1210 | Claim adjuster for Defendant on this claim; Defendant's claim procedures and practices; coverages afforded by policy. | Will Call |
| 18. | Timothy K. France<br>c/o Rimkus Consulting Group<br>2201 S. Fretz Avenue, Suite 110<br>Edmond, OK 73013 | Mr. France will testify in accord with his January 9, 2017 report to Chubb Insurance Group and identification of his file and all photos taken of the property. | May Call |
| 19. | Melissa Geis<br>c/o Price Edwards<br>210 Park Avenue, #700<br>Oklahoma City, OK 73102 | Former manager for Midtown Apartments both before and after earthquake.  Knowledge of excessive number of plumbing | May Call |

| No. | Witness | Proposed Testimony | Will Call/May Call |
|---|---|---|---|
| | | repairs needed following the earthquake, and damage to property. | |
| 20. | Any and all witnesses listed by Defendant and not otherwise objected to by Plaintiff. | | |

- o  **Defendant:**

| No. | Witness | Proposed Testimony | Will Call/May Call |
|---|---|---|---|
| 1. | AAA Plumbing & Solar LLC by Mark Kiernan 6721 E. Britton Road Oklahoma City, OK 7315 | Work performed and/or observations made at the site after the earthquake. | Will Call |
| 2. | Streets, LLC by Kevin Cockerham 100 S.E. 29th Oklahoma City, OK 73129 | Observations made at site during inspection and contents of letter to Price Edwards | Will Call |
| 3. | Coleman, William Analytical & Materials Engineering, Inc c/o Joseph A. Ziemianski Cozen O'Connor 1221 McKinney Street, Suite 2900 Houston, Texas 77010 | Expert opinions as detailed in September 14, 2018 report | Will Call |
| 4. | Easley, Dave 2618 S. 135 Service Rd Oklahoma City, OK 73129 | Contractor with knowledge of conditions at site pre- and post-earthquake. | Will Call |

| 5. | France (PE), Timothy Senior Consultant Rimkus Consulting Group, Inc. c/o Joseph A. Ziemianski Cozen O'Connor 1221 McKinney Street, Suite 2900 Houston, Texas 77010 | Subject of testimony set forth in reports dated January 8, 2017 and March 12, 2017. | May Call |
|---|---|---|---|
| 6. | Gehringer, Bob Grecco Construction Consultants c/o Joseph A. Ziemianski Cozen O'Connor 1221 McKinney Street, Suite 2900 Houston, Texas 77010 | Subject of testimony set forth in estimate dated November 30, 2016 and report of September 11, 2018 | Will Call |
| 7. | Goforth Plumbing & Mechanical, LLC by Steven Goforth 6818 S.E. 27th Street, Choctaw, OK 73020 | Observations made during site inspection and contents of letter to Price Edwards | Will Call |
| 8. | Gomez, Joan 798 Rogers Rd Tuttle, OK 73089 | Worked as manager of building from 2009 thru 2010.    Knowledgeable about condition at premises. | May Call |
| 9. | Hansen (CPA), Ashley Buchanan Clarke Schadler c/o Joseph A. Ziemianski Cozen O'Connor 1221 McKinney Street, Suite 2900 Houston, Texas 77010 | Subject of testimony set forth in report of September 13, 2018 | Will Call |
| 10. | PBS Plumbing by Phillip Haynie 2618 S. 135 Service | Repairs to plumbing systems prior to earthquake | Will Call |

| | Rd<br>Oklahoma City, OK 73129 | | |
|---|---|---|---|
| 11. | Hergenrether (P.E.), Mark<br>Integrity Forensics and Engineering<br>c/o Joseph A. Ziemianski<br>Cozen O'Connor<br>1221 McKinney Street, Suite 2900<br>Houston, Texas 77010 | Subject of testimony set forth in report dated February 10, 2017. | Will Call |
| 12. | Rick Hicks<br>7480 Antler Drive<br>Marlow, OK 73055 | Maintenance of building and plumbing system prior to earthquake | May Call |
| 13. | Christie House<br>833 S.E. 24th Street, Del City, OK 73115 | Tenant with recollection of condition of plumbing and state of building | May Call |
| 14. | Barbara Hurt (Sanchez)<br>14680 Flint Drive, Yukon, OK 73099 | Tenant with recollection of condition of plumbing and state of building | May Call |
| 15. | David Nastar, Ph.D.<br>Brandow & Nastar<br>c/o Joseph A. Ziemianski<br>Cozen O'Connor<br>1221 McKinney Street, Suite 2900<br>Houston, Texas 77010 | Subject of testimony set forth in report dated September 14, 2018 | Will call |
| 16. | Anthony Blake Nelson<br>4502 Hawkowl Drive<br>Norman, OK 73072 | Tenant with recollection of condition of plumbing and state of building | Will Call |
| 17. | Jerrica Nichols<br>10700 N.W. 21st, Yukon, OK 73099 | Tenant with recollection of condition of plumbing and state of building | May Call |
| 18. | Osteraas (PhD PE), John<br>Group Vice President | Subject of testimony set forth in report dated June 28, 2017 | Will Call |

| | & Principal Engineer Exponent Failure Analysis Associates c/o Joseph A. Ziemianski Cozen O'Connor 1221 McKinney Street, Suite 2900 Houston, Texas 77010 | | |
|---|---|---|---|
| 19. | Foster Riley 6303 NW 63rd Oklahoma City, OK 73132 | Employed by VTT at site for approximately six years and knowledgeable of condition of premises pre-earthquake | Will Call |
| 20. | Jeff Scott 316 Country Club Terrace, Midwest City, OK 73110 | Former business partner of W. Whetstone; familiar with estimation process | Will Call |
| 21. | Becky Sesock Price Edwards & Company, 210 Park Avenue, Suite 700, Oklahoma City, OK 73102 | Employee of Price Edwards, building manager beginning in 2017, and familiar with premises and communications with VTT | Will Call |
| 22. | Scott Vaughn | Former employee of Price Edwards and familiar with building's condition and communications with VTT and other Price Edwards' employees | Will Call |
| 23. | Jeffrey Warren 225 W. Fairchild Drive Midwest City, OK 73110 | Work performed at and regarding the site while employed by Scott-Whetstone | Will Call |
| 24. | Watkins, Terry Federal Insurance Company c/o Joseph A. Ziemianski Cozen O'Connor 1221 McKinney Street, Suite 2900 Houston, Texas | Handling of Plaintiff's claim; Defendant's claim procedures and practices; coverages afforded by policy; and site visit. | Will Call |

| | | | |
|---|---|---|---|
| | 77010 | | |
| 25. | Arnoldin, Andrew 460 N. Peeble Creek Terrace #401 Mustang, OK 73064 | Building tenant; condition of premises before, during and after earthquake | May Call |
| 26. | Adrian Bond Chubb North American Claims Chubb Insurance Group 2155 W. Pinnacle Peak Road, Ste. 100 Phoenix, AZ 85027-1210 | Chubb employee who inspected premises following notification of claim | May Call |
| 27. | Coyle, Matt Federal Insurance Company c/o Joseph A. Ziemianski Cozen O'Connor 1221 McKinney Street, Suite 2900 Houston, Texas 77010 | To the extent necessary, he will address underwriting issues, why the account was not renewed and the meeting in Boston with VTT representatives. | May Call |
| 28. | Evangelista, Chris Federal Insurance Company c/o Joseph A. Ziemianski Cozen O'Connor 1221 McKinney Street, Suite 2900 Houston, Texas 77010 | Testimony concerning loss control reports. | May Call |
| 29. | J. Stephen Ford 8411 S. Walker Ave. Oklahoma City, OK 73139 | Inspection of building and opinions thereon | May Call |
| 30. | Tanner Grammar 3708 Winston Road Oklahoma City, OK 73120 | Building tenant; condition of premises before, during and after earthquake | May Call |
| 31. | Johnson Pools by | Post-earthquake, inspection of the pool | May Call |

| | Todd Johnson<br>1041 NW 71st Place<br>Oklahoma City, OK 73116 | and subsequent repairs performed at the pool. | |
|---|---|---|---|
| 32. | McMahon, Mary<br>8405 E. Reno #2<br>Midwest City, OK 73110 | Building tenant; condition of premises before, during and after earthquake | May Call |
| 33. | Ranpersad, Ronald<br>6600 NW 23rd Street<br>Bethany, OK 73008 | Contractor familiar with condition of site pre-earthquake | May Call |
| 34. | Any and all witnesses listed by Plaintiff not otherwise objected to by Defendant. | | |
| | Rebuttal witnesses, if necessary | | |

8.   **ESTIMATED TRIAL TIME**:

    A.    Plaintiff's Case:    4 days

    B.    Defendant's Case:  5 days

9.   **BIFURCATION REQUESTED**:    Yes ☐    No ☐

    In light of VTT Management, Inc.'s request to exclude post-denial evidence [Dkt. 134], Federal reserves the right to seek a bifurcated trial.

10.   **POSSIBILITY OF SETTLEMENT**:    Good ☐    Fair ☑    Poor ☐

    All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the Court.

                          s/Steven S. Mansell
                          Steven S. Mansell, OBA #10584
                          Mark A. Engel, OBA #10796
                          Kenneth G. Cole, OBA #11792
                          M. Adam Engel, OBA #32384
                          **MANSELL ENGEL & COLE**
                          204 N. Robinson Avenue, 21st Floor

Oklahoma City, OK 73102
T: (405) 232-4100 ** F: (405) 232-4140
Email: mec@meclaw.net

**ATTORNEYS FOR PLAINTIFF**
**VTT MANAGEMENT, INC.**

s/John D. Stiner
*(Signed by filing attorney with permission from defense counsel)*
John D. Stiner, OBA #18148
**STINER LAW FIRM, PLLC**
119 North Robinson Avenue, Suite 630
Oklahoma City, OK  73102
T: (405) 602-1591 **F: (405) 602-1754
E-mail:  john@stinerlaw.com

-and –

s/Joseph A. Ziemianski
(Signed by filing attorney with permission from defense counsel)
Joseph A. Ziemianski (*Pro Hac Vice*)
Peter B. Magnuson (*Pro Hac Vice*)
**COZEN O'CONNOR**
LyondellBasell Tower
1221 McKinney, Suite 2900
Houston, TX 77010
T: (832) 214-3912 ** F: (832) 214-3905
E-mail:  jziemianski@cozen.com
         pmagnuson@cozen.com

**ATTORNEYS FOR DEFENDANT**
**FEDERAL INSURANCE COMPANY**